# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (Northern Division)

| | |
|---|---|
| SIAMEK AND KAREN SALEHI | * |
|    Plaintiff | *    Case No.: 1:21-cv-02031 GLR |
| v. | * |
| BUILDERS MUTUAL INSURANCE COMPANY | * |
| | * |
|    Defendant. | * |

**BUILDERS MUTUAL INSURANCE COMPANY'S ANSWER**

COMES NOW, Defendant, Builders Mutual Insurance Company (Builders Mutual), by and through its counsel, the Law Offices of Danny M. Howell, PLLC, and presents its Answer to Plaintiffs' Complaint, and in support thereof states:

1. To the extent that the preliminary paragraph of the Complaint could be interpreted as allegations and require a response, Builders Mutual denies that a present judiciable controversy exists, and therefore denies that any jurisdiction exists under 28 U.S.C. §§ 2201 and 2202. Additionally, to the extent that Plaintiff's use of headings in the Complaint are interpreted to be allegations, such allegations are denied, and strict and sufficient proof is demanded.

2. The allegations in Paragraph 1 are denied.  Further, some allegations in Paragraph 1 assert a legal conclusion as to which no response is required.

3. The allegations in Paragraph 2 are denied as phrased and strict and sufficient proof is demanded.

4. Upon information and belief, the allegations in Paragraph 3 are admitted.

5. The allegations in Paragraph 4 are admitted.

6. Paragraph 5 does not appear to contain allegations but merely incorporates prior

allegations, so no response is required. To the extent that this Court requires a response, allegations are denied where material and strict proof is demanded.

7. As to the allegations in Paragraph 6, Builders Mutual admits that a case bearing the indicated case number existed in the Circuit Court of Anne Arundel County, Maryland; however, to the extent that they references document(s) from the Underlying Suit, the contents of the document(s) speak for themselves. Further, Builders Mutual denies the remainder of the allegations, including the blanket reference to incorporated allegations, and demands strict proof of all claims.

8. As to the allegations in Paragraph 7, Builders Mutual admits that it issued policy No. CPP0044347-04, the contents of which speak for themselves, but deny the remainder of the allegations as phrased and demand strict proof of same. Defendant further denies any allegations that are inconsistent with the referenced document.

9. As to the allegations in Paragraph 8, Builders Mutual admits that a case bearing the indicated case number existed in the Circuit Court of Anne Arundel County, Maryland; however, to the extent they reference document(s) from the Underlying Suit, the contents speak for themselves. Further, Builders Mutual denies the remainder of the allegations to the extent that they differ from the official court records of the case. Builder Mutual further denies the blanket reference to incorporated allegations and demands strict proof of all claims.

10. As to the allegations in Paragraph 9, Builders Mutual denies that it was notified of Case No. 19-737 at any time prior to service of the instant Complaint in this action. After reasonable inquiry and investigation into the remaining allegations in Paragraph 9, Builders Mutual does not have sufficient information to admit or deny the remaining allegations so they are denied where material and strict and sufficient proof is demanded. Further, some allegations in

Paragraph 9 assert a legal conclusion as to which no response is required.

11. As to the allegations in Paragraph 10, Builders Mutual denies them as phrased and demand strict and sufficient proof thereof.  To the extent that the allegations in Paragraph 10 assert a legal conclusion, no response is required.

12. The allegations in Paragraph 11 are denied and strict proof is demanded.  To the extent that the allegations in Paragraph 11 assert a legal conclusion, no response is required.

13. Builders Mutual denies each and every allegation not heretofore specifically admitted.

14. Builders Mutual intends to rely upon all defenses available to it under contract as information becomes available.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

*Ellison Failed to Notify Builders Mutual as Soon as Practicable of an "Occurrence" or an Offense Which May Result in a Claim.*

Section IV of the Policy, titled "Commercial General Liability Conditions", sets forth certain reporting requirements the named insured must comply with as a condition precedent to coverage at Section (2) thereof, titled "Duties in The Event of Occurrence, Offense, Claim or Suit," which provides that Ellison "must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim."

The Amended Complaint in the Underlying Salehi Suit clearly accused Ellison of defective construction sufficient to give rise to a significant claim. The Amended Complaint also alleged that Ellison had been informed of the defective construction prior to the filing of the suit.

Ellison was aware of an "occurrence" or an "event which may result in a claim" but failed to provide notice of same to Builders Mutual, which failure constitutes a material breach

of a condition precedent to coverage, as a result of which Builders Mutual was prejudiced thereby. Such breach relieves Builders Mutual of any duties of indemnity under the Policy, which breach is chargeable to the Salehis.

### SECOND DEFENSE

***Ellison Failed to Notify Builders Mutual as Soon as Practicable of the Salehi Suit and Failed to Send Builders Mutual Copies of any Legal Papers Received in Connection with the Underlying Salehi Suit.***

The Policy provides that "if a claim is made or 'suit' is brought against any insured," the named insured must "see to it that we receive written notice of the claim or 'suit' as soon as practicable". Compliance with this requirement is a condition precedent to coverage under the Policy.

The Policy also requires the named insured to "[i]mmediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or 'suit'".

The underlying suit asserted claims against Ellison for "property damage" due to defective construction. The original and amended complaints filed therein each constituted a "suit" under the Policy's definition of "suit".

Ellison failed to provide Builders Mutual with notice, written or otherwise, of the claims asserted in the original or amended complaints filed in the suit below, or of the "suit"; and Builders Mutual was prejudiced thereby. Ellison's failure to provide such notice constitutes a material breach of a condition precedent to coverage that relieves Builders Mutual of any duties of indemnity under the Policy, which breach is chargeable to the Salehis.

### THIRD DEFENSE

**Damages Sought in the Underlying Suit Are Not Caused by an "Occurrence" and Are Excluded from Coverage Under the Policy's "Your Work" Exclusions.**

The Policy only applies to "bodily injury" and "property damage" caused by an "occurrence", i.e., an accident.

The "subcontractor exception" to the "your work" exclusion applicable to completed operations is removed from the Policy by endorsement. Consequently, as the General Contractor for the construction at issue, the entire home was Ellison's "work", both for purposes of whether the property damage alleged in the underlying suit constituted an "occurrence" and whether the damages are excluded from coverage under the Policy's "your work" exclusions.  As such, damages allegedly due to faulty construction and limited to the Insured's work do not constitute "property damage" caused by an "occurrence" under the Policy but are instead the foreseeable result of the Insured's failure to perform its contractual obligations.

The factual allegations of the Amended Complaint in the Underlying Salehi Suit do not allege "property damage" caused by an "occurrence", but instead allege either intentional conduct or the foreseeable results of the failure to meet contractual requirements, and thus do not come within the coverage of the Policy.  Such damages are also excluded under Exclusion a of the Policy because such damages are known or expected from the standpoint of the insured.

Additionally, the damages sought in the underlying suit and limited to Ellison's "work" are excluded from coverage pursuant to the Policy's "your work" exclusions j(5), j (6), and Endorsement 2294.

## FOURTH DEFENSE

**Ellison Failed to Cooperate with Builders Mutual in the Investigation of the Claim and the Defense of the Suit**

Section IV of the Policy, at Section 2 thereof, titled "Duties in The Event of Occurrence, Offense, Claim or Suit" provides that Ellison must "[c]ooperate with us in the investigation or settlement of the claim or defense of the 'suit'" and "[a]ssist us … in the enforcement of any

5

right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply."

According to Exhibit B to the Complaint in this action, the judgment entered against Ellison in the underlying action was a Default Judgment. Ellison's failure to notify Builders Mutual of the underlying "suit" and its apparent failure to contest or otherwise defend the Underlying Suit was a breach of Ellison's duty to cooperate with Builders Mutual in the investigation of the claim and defense of the underlying "suit," and also a breach of Ellison's duty to assist Builders Mutual in the enforcement of any right it may have had against any person or organization which may be liable to Ellison for damages claimed in the Underlying Suit. Ellison's failure to provide such cooperation and assistance constitutes a material breach of a condition precedent to coverage that relieves Builders Mutual of any duties of indemnity under the Policy, which breach is chargeable to the Salehis.

FIFTH DEFENSE

**Damages for Economic Loss Do Not Constitute "Property Damage" Caused by an "Occurrence" Under the Policy.**

There is also no coverage under the Policy for the pure economic losses suffered and sought in the Underlying Suit, including the money the Salehis were allegedly required to expend due to Ellison's alleged failure to complete certain work, as economic damages do not constitute "property damage" caused by an "occurrence", but instead are simply those damages that result from the failure to complete the work in accordance with the requirements of the contract.

**ADDITIONAL AFFIRMATIVE DEFENSES**

This Party raises the following affirmative defenses with respect to both the instant action and the Underlying Suit:

### SIXTH DEFENSE

This Party affirmatively asserts the defense of collateral estoppel as a defense to this claim.

### SEVENTH DEFENSE

This Party affirmatively asserts the defense of res judicata.

### EIGHTH DEFENSE

This Party affirmatively asserts the defense of the Statute of Limitations and asserts that the claims of the plaintiff are barred by virtue of the application of same.

### NINTH DEFENSE

This Party affirmatively asserts the defense of waiver.

### TENTH DEFENSE

This Party affirmatively asserts the defense of privilege.

### ELEVENTH DEFENSE

This Party raises the negative defense of the legal existence of a party.

### TWELFTH DEFENSE

This Party raises the negative defense of the capacity of any defendant to be sued.

### THIRTEENTH DEFENSE

This Party raises the negative defense of the capacity of a party to sue or to be sued in a representative capacity.

### FOURTEENTH DEFENSE

The Plaintiffs' injuries were caused by person or persons over which the Defendant had no control, and no agency, employment, respondent superior and/or vicarious liability existed.

### FIFTEENTH DEFENSE

Plaintiffs suffered no damages as a result of the Defendant's alleged acts and/or omissions or, alternatively, Plaintiffs failed to mitigate their damages, if any.

SIXTEENTH DEFENSE

Defendant did not commit the wrongs alleged and breached no duty to Plaintiffs.

SEVENTEENTH DEFENSE

Plaintiffs are not entitled to maintain the cause of action on the grounds that they have not met any and all applicable statutory prerequisites and are barred from pursuing this action and/or any recovery.

EIGHTEENTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

NINETEENTH DEFENSE

This Party presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, this Party reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

Dated August18, 2021

Respectfully submitted,

BUILDERS MUTUAL INSURANCE COMPANY

By: _____/s/_____
Danny M. Howell (Bar No. 9712160306)
danny@dmhowelllaw.com
Robert Jackson Martin, IV (Bar No. 1712260006)
jackson@dmhowelllaw.com
Jennifer L. Rowlett, Esq. (Bar No. 0906160029)
jennifer@dmhowelllaw.com
Law Offices of Danny M. Howell, PLLC
6861 Elm Street, Suite 3D
   McLean, VA 22101
Phone: (703) 556-8900
Fax: (703) 237-1224

*Counsel for Builders Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of August, 2021, a copy of the foregoing document was served via CM/ECF to all counsel of record.


                                                By:   _____/s/_____
                                                      Danny M. Howell (Bar No. 9712160306)